**In re ROYAL AHOLD N.V. SECURITIES & "ERISA" LITIGATION**

**No. 1539.**

Judicial Panel on Multidistrict Litigation.

June 18, 2003.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the twelve actions in the Southern District of New York, eight actions in the Eastern District of Virginia and one action in the District of Maryland as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the eight Eastern District of Virginia actions for coordinated or consolidated pretrial proceedings of the 21 actions in this litigation.[1] All responding parties support centralization of these actions, but disagree on the choice of transferee district. Moving plaintiffs initially suggested the Eastern District of Virginia, but now favor the District of

Maryland. Defendants U.S. Foodservice, Inc. (U.S.Foodservice); Ahold U.S.A. Holdings, Inc.; James L. Miller; and Michael Resnick also favor the District of Maryland.[2] Alternatively, defendants suggest centralization in the Southern District of California. Plaintiffs in actions and potential tag-along actions in the Southern District of New York suggest centralization in that district.

On the basis of the papers filed and hearing session held, the Panel finds that these 21 actions involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions present common factual questions concerning accounting issues at Koninklijke Ahold N.V. (Royal Ahold) that resulted in an overstatement of earnings and allegedly inflated the price or value of Royal Ahold securities. Whether the actions be brought by securities holders seeking relief under the federal securities laws or participants in retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and witnesses. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

---

* Judge Selya took no part in the decision of this matter.

1. In addition to the 21 actions before the Panel, the parties have identified fourteen related actions pending as follows: twelve actions in the Southern District of New York, one action in the District of Maryland, and one action in the Southern District of Califor-

nia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. In addition, responding defendants assert that to their knowledge no defendant objects to transfer to the District of Maryland.

■ The District of Maryland stands out as an appropriate transferee forum for this litigation. We point out that U.S. Foodservice, the Royal Ahold subsidiary which is a focus of the plaintiffs' allegations, is located within this district. Thus, Maryland has a nexus to the litigation, and pertinent documents and witnesses should be available there. We also note that both defendants and moving plaintiffs support transfer to this forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Catherine C. Blake for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1539—In re Royal Ahold N.V. Securities & "ERISA" Litigation*

*District of Maryland*
*Alan Zelman v. Royal Ahold N.V., et al.,* C.A. No. 1:03–530

*Southern District of New York*
*F. Richard Manson v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1243
*Lillian Kleinman v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1251
*John Li v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1257
*Friends of Ariel Center for Policy Research v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1263
*James McCutheon v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1358
*Mitchell C. Kaye v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1411
*Oliver Roeder v. Royal Ahold N.V., et al.,* C.A. No. 1:03–1454

*Rochelle Phillips v. Koninklijke Ahold NV, et al.,* C.A. No. 1:03–1521

*Reinhold Holstein v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1640

*Bernard Stern v. Royal Ahold N.V., et al.,* C.A. No. 1:03–1735

*Dennis G. Mahorney, et al. v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–1984

*Generic Trading of Philadelphia, LLC v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–2000

*Eastern District of Virginia*

*Franklin Wilson v. Royal Ahold N.V., et al.,* C.A. No. 1:03–216

*U–2 Club v. Royal Ahold N.V., et al.,* C.A. No. 1:03–222

*Ralph P. Sbraccia v. Royal Ahold N.V., et al.,* C.A. No. 1:03–223

*Peter J. Manhoff v. Royal Ahold N.V., et al.,* C.A. No. 1:03–224

*Miriam Sells v. Koninklijke Ahold N.V., et al.,* C.A. No. 1:03–259

*Judith E. Legeyt v. Royal Ahold N.V., et al.,* C.A. No. 1:03–290

*Sharon Libby v. Royal Ahold N.V., et al.,* C.A. No. 1:03–291

*Michael Lane, et al. v. Royal Ahold N.V., et al.,* C.A. No. 1:03–334